# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CINDY DAUGHTERS,**

    **Plaintiff,**

vs.                                    CASE NO.:

**1755 GOLDEN, LLC, d/b/a CROSSBREEZE CARE CENTER,** a Foreign Limited Liability Company, **VOLUNTEER PROPERTIES OF SARASOTA,** a Florida Limited Liability Company, **K.C. CROSS,** Individually and **JOYCE PLOURDE,** Individually

    **Defendants.**                 /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CINDY DAUGHTERS ("Plaintiff"), through undersigned counsel, files this Complaint against Defendants, 1755 GOLDEN, LLC, d/b/a CROSSBREEZE CARE CENTER ("1755"), VOLUNTEER PROPERTIES OF SARASOTA ("VPS"), K.C. CROSS ("CROSS) and JOYCE PLOURDE ("PLOURDE") (hereinafter collectively called "Defendants"), and states as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq*. ("FCRA"), the Americans with Disabilities Act, as amended, ("ADAAA"), 42 U.S.C. 12101, *et seq.,* to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional

distress damages, pain and suffering, punitive damages, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

2. Plaintiff brings a claim for discrimination and retaliation against Defendant, who subjected Plaintiff to workplace discrimination and retaliation because of her medical condition.

3. Plaintiff was wrongfully terminated as the culmination of discrimination and retaliation against her.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 with federal questions involving the ADAAA and 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, pursuant to 28 U.S.C. § 2201 et seq., and the FCRA, 28 U.S.C. §1367, because at all times material to this Complaint, Plaintiff worked for Defendants in Sarasota County, Florida.

5. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Sarasota County, Florida.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. On March 13, 2020, the EEOC issued its right-to-sue letter. Therefore this Complaint is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

## PARTIES

8. Plaintiff is an adult individual who resides in Pinellas County, Florida.

9. From approximately February 6, 2018 until her termination on May 1, 2019, Plaintiff was employed by Defendants as a Nursing Home Administrator.

10. Defendant 1755, is and was, at all relevant times, operating in Sarasota County, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

11. Defendant VPS, is and was, at all relevant times, operating in Sarasota County, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

12. At all times material to this action, Defendant, 1755, were and continues to be a Foreign for Profit Corporation.

13. At all times material to this action, Mr. Cross was an individual resident of the State of Florida, who owned and/or operated 1755 and who regularly exercised the day-to-day authority to: (a) hire and fire employees of 1755, including Plaintiff; (b) determine the work schedules for the employees of 1755 and (c) control the finances and operations of 1755. By virtue of having regularly exercised that authority on behalf of 1755, MR. Cross is/was an employer as defined 29 U.S.C. §201, et seq.

14. At all times material to this action, Defendant, VPS, were and continues to be a Florida for Profit Corporation.

15. At all times material to this action, Ms. Plourde, was an individual resident of the State of Florida, who owned and/or operated 1755 and VPS, and who regularly exercised the day-to-day authority to hire and fire employees of 1755 and VPS, controlled the manner in which the employees performed their work, determined the

work schedules for the employees of 1755 and VPS, provided such employees with all equipment/tools necessary to perform their duties, determined their rates of pay, maintained the employment records for such employees, and controlled the finances and operations of 1755 and VPS. By virtue of having regularly exercised that authority on behalf of 1755, VPS, Ms. Plourde, is/was an employer as defined 29 U.S.C. § 201, et seq.

16. Further, at all times material to this action, Defendants were, and continue to be, engaged in business in Florida, doing business, among other counties, in Sarasota County, Florida.

17. At all material times, Defendants 1755 and VPS, were jointly owned by Defendants Mr. Cross and Ms. Plourde whom had 1755 operating a nursing home facility while VPS was created for the sole/improper purpose of misleading and thwarting creditors as it holds the deed to the land and building which comprises the nursing home facility which is operated by 1755. On a day-to-day basis, Mr. Cross and/or Ms. Plourde exercised the right to hire/fire all employees, including, but not limited to Plaintiff, he supervised such employees, made their schedules, determined their rate of pay and maintained their employment records.

18. Upon information and belief, VPS was created by KC Cross as a mere device or sham limited liability corporation meant to accomplish the ulterior purposes of misleading creditors and evading liability from attaching to the deed of land and the building for which the Crossbreeze Care Center sits on and operates out of. This is a pattern and practice of Mr. Cross and for all nursing home facilities that he owns and operates across the State of Florida. Quite literally, Mr. Cross and his business associates employ a nefarious

web consisting of over 25 LLC's and shell corporations throughout the State of Florida. Again, this improper conduct was deliberately done by Mr. Cross and Ms. Plourde for the nefarious/unlawful purpose of misleading and thwarting creditors and as such, the corporate veil of 1755 may be pierced in order to attach liability to VPS.

19. Mr. Cross specifically stated to Plaintiff that Ms. Plourde "owned" the building where the Crossbreeze Care Center operated out of and housed residents. The deed to the land and building for the Crossbreeze Care Center where Plaintiff worked also reflects this. Ms. Plourde frequently came to perform other work in the building, attend inspections, maintain medical records for Crossbreeze Care Center and carry out nursing assessments.

20. From February 1, 2016, until her termination in April 2019, Plaintiff was jointly employed as the Nursing Home Administrator of Defendants who set her schedule, paid her a salary, directed/controlled all work performed by Plaintiff and managed the way Plaintiff's work was accomplished on a day-to-day basis.

21. Throughout her employment, Plaintiff constantly worked and was jointly employed by Defendants as she took directions from 1755 and VPS in the performance of her duties. Throughout her employment, 1755 and VPS, were jointly owned by Mr. Cross and Ms. Plourde. Under their direction, both entities jointly had the authority to hire/fire Plaintiff, controlled the manner of her work, created her work schedule, provided her with assignments, provided her with the equipment/tools necessary to complete the essential functions of her position, reimbursed her for reasonable expenses and paid Plaintiff's wages/maintained Plaintiff's employment records.

22. Defendants were an employer as defined by the laws under which this action

is brought and employ and/or jointly employ greater than 15 employees.

23. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the ADA.

24. At all times material to this action, Defendants were, and continues to be an "employer" within the meaning of the ADA.

25. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FMLA.

26. At all times material to this action, Defendants were, and continues to be, an "employer" within the meaning of the FMLA.

27. Defendants are an employer under the FMLA because it was engaged in commerce or in an industry affecting commerce and employed and/or jointly employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

28. At all times relevant hereto, Plaintiff worked at a location where Defendants employed and/or jointly employed 50 or more employees within a 75 mile radius.

29. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by Defendants for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her taking leave which would be protected pursuant to the FMLA.

30. At all times material, Defendants acted with malice and with reckless disregard for Plaintiff's federally protected rights.

31. Plaintiff retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## GENERAL ALLEGATIONS

32. On or about December 2018, Plaintiff was diagnosed with Stage II(B) breast cancer.

33. Immediate preparations were made for Plaintiff to begin chemotherapy with the possibility of needing a double mastectomy in the future.

34. Plaintiff informed the Defendants, more specifically, KC Cross and Mary Anne Wood about her diagnosis and treatment plan days prior to the Christmas holiday in December 2018.

35. Plaintiff requested that she be able to do her chemotherapy treatments on Fridays so that she could still care for patients during the week and recover on the weekend and the Defendants begrudgingly accommodated this reasonable request.

36. In or around December 2018/January 2019, immediately after informing Defendants of her diagnosis, Plaintiff was subjected to an adverse employment action, disparate treatment, undue stress and mental anguish by way of example, she confirmed that Defendants posted her position on the Florida Healthcare Job Board to find a replacement for Plaintiff in response to her requesting reasonable accommodations from Defendants for her chemotherapy treatments.

37. Plaintiff confirmed this by contacting the recruiter who was in charge of posting her position and was overseeing the administration of the potential hiring of her replacement. The recruiter contacted by Plaintiff confirmed that the position was for a

7

new Nursing Home Administrator at the Crossbreeze Care Center.

38. On or about May 1, 2019, Plaintiff informed Defendants, specifically, Mary Anne Wood, KC Cross and Mary Lewis that the chemotherapy treatment was not sufficient. She further informed Defendants that after her last chemotherapy treatment in June 2019, then she would be undergoing a double mastectomy and would be taking FMLA leave for approximately four (4) weeks after to recover.

39. During the May 1, 2019 meeting, Plaintiff was subjected to disparate and malfeasant treatment by way of example, KC Cross showing total disregard for Plaintiff's health by implying Plaintiff should put off having her life saving surgery for a few months because Mr. Cross did not want to deal with the upcoming random AHCA inspection in the coming months. Finally, Mr. Cross begrudgingly stated to Plaintiff that "he would handle the inspections."

40. On or about May 6, 2019, Defendants, Mr. Cross abruptly terminated Plaintiff and advised Plaintiff that she "needed to focus on her health."

41. Plaintiff has suffered damages as a result of Defendants' unlawful conduct.

42. Plaintiff seeks all available remedies including but not limited to a declaration from this Court that Defendant has violated the FMLA and ADAA; an order awarding lost wages, benefits and other compensation; an order awarding all actual monetary losses suffered as a result of Defendant's conduct, as well as liquidated damages, per se and post judgment interest and her attorneys' fees and costs.

### COUNT I –DISCRIMINATION UNDER THE ADAAA AGAINST DEFENDANTS 1755 AND VPS

43. Plaintiff realleges and adopts the allegations of paragraphs 1-42 above as if

fully set forth herein.

44. Plaintiff was a qualified individual with a disability.

45. Plaintiff was perceived as disabled by Defendants.

46. Defendants were Plaintiff's employer as defined by the ADAAA.

47. Defendants discriminated against Plaintiff because of her actual or perceived disability in violation of the ADAAA.

48. Defendants discriminated against Plaintiff because she exercised her rights under the ADAAA by notifying Defendants of her actual and/or perceived disability.

49. Defendants failed to engage in the interactive process with Plaintiff.

50. Defendants had actual or constructive knowledge of the discriminatory conduct.

51. Defendants' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

52. Defendants' conduct and direct comments regarding Plaintiff's disability and/or perceived disability violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

53. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

54. Defendants' violations of the ADAAA were willful.

55. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d. Compensatory damages for emotional pain and suffering;

e. Punitive damages;

f. Injunctive relief;

g. Prejudgment interest;

h. Declaratory judgment that Defendants' practices violate the ADAAA;

i. Costs and attorney's fees; and

j. Such other relief as the Court may deem just and proper.

## COUNT II
## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FCRA AGAINST DEFENDANTS 1755 AND VPS

56. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-42.

57. Plaintiff is a member of a protected class due to her disability/handicap or perceived disability/handicap.

58. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her disability/handicap or perceived disability/handicap in violation of the FCRA.

59. Defendants failed to engage in the interactive process with Plaintiff.

60. Defendants knew or should have known of the discrimination.

61.     The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under state law.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;
   b. Interest on back pay and benefits;
   c. Front pay and benefits;
   d. Compensatory damages for emotional pain and suffering;
   e. Punitive Damages;
   f. Injunctive relief;
   g. Prejudgment interest;
   h. Costs and attorney's fees; and
   i. Such other relief as the Court may deem just and proper.

<u>**COUNT III**</u>
<u>**RETALIATION IN VIOLATION OF DISCRIMINATION UNDER ADAAA AGAINST DEFENDANTS 1755 AND VPS**</u>

62.     Plaintiff realleges and adopts the allegations of paragraphs 1-42 above as if fully set forth herein.

63.     Plaintiff requested an accommodation under the ADAAA.

64. Plaintiff engaged in protected activity when she requested an accommodation under the ADAAA.

65. Plaintiff also complained about Defendant's discriminatory treatment of her because of her disability and/or perceived disability.

66. Indeed, Plaintiff complained both to Human Resources and to Mr. Cross after her job was posted after alerting Defendants of her cancer diagnosis.

67. Plaintiff was further retaliated against by Defendants after requesting medically necessary leave as an accommodation under the ADAAA so she could have a double mastectomy surgery.

68. This retaliation resulted in Plaintiff's termination and is causally related to her request due to the extreme close temporal proximity between her request for time off and her termination.

69. By the conduct described above, Defendant retaliated against Plaintiff because she engaged in protected activities in violation of the ADAAA and she was treated differently than other non-disabled employees of Defendants.

70. Defendant knew, or should have known; of the retaliation that Plaintiff was subjected.

71. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

**WHEREFORE,** Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits and/or lost earning capacity;

    d.    Compensatory damages;

    e.    Damages for mental anguish and emotional distress;

    f.    Punitive Damages;

    g.    Injunctive relief;

    h.    Prejudgment interest;

    i.    Declaratory judgment that Defendant's practices violate the ADAAA;

    j.    Costs and attorney's fees; and

    k.    Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FCRA AGAINST DEFENDANTS 1755 AND VPS

72.    Plaintiff re-alleges and adopts paragraphs 1 – 42 as though set forth fully herein.

73.    Plaintiff is a member of a protected class under the FCRA because she engaged in protective activities.

74.    Plaintiff engaged in protected activity when she requested a reasonable accommodation under the ADAAA and complained regarding the discriminatory treatment she was receiving as a result of her disability and/or perceived disability.

75.    Plaintiff also engaged in protected activity when she filed her charge of discrimination against Defendant.

76.    This retaliation resulted in Plaintiff's termination.

77. By the conduct described above, Defendant treated Plaintiff differently than her non-disabled co-workers and engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities in violation of the FCRA.

78. Defendant knew, or should have known, of the retaliation, discrimination and harassment that Plaintiff was subjected.

79. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive Damages;

    f. Injunctive relief;

    g. Prejudgment interest;

    h. Costs and attorney's fees; and

    i. Such other relief as the Court may deem just and proper.

## COUNT V
## FMLA INTERFERENCE AGAINST ALL DEFENDANTS

80. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-42.

81. Plaintiff was an employee entitled to the protection of the FMLA.

82. Defendants were Plaintiff's employer as defined by the FMLA.

83. Defendants' actions interfered with Plaintiff's lawful exercise of her rights under the FMLA.

84. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Defendant interfered with Plaintiff's right to take FMLA leave by terminating her a week after she advised Defendants that she planned to take FMLA leave approximately one (1) month from the date of her notice of taking FMLA protected leave.

85. Defendants also failed to provide Plaintiff with the required "Rights and Responsibilities" letter as set forth by the Department of Labor under the FMLA and failed to engage in any interactive processes with Plaintiff.

86. The Defendants' actions constitute violations of the FMLA.

87. Defendants' violations of the FMLA were willful.

88. As a result of Defendants' unlawful actions, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

89. Plaintiff is entitled to recover her attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT VI - FMLA RETALIATION AGAINST ALL DEFENDANTS

90. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1 - 42.

91. Plaintiff was an employee entitled to the protection of the FMLA.

92. Defendants were Plaintiff's employer as defined by the FMLA.

93. Defendants discriminated and/or retaliated against Plaintiff for asserting her rights under the FMLA.

94. Defendants had actual or constructive knowledge of the discriminatory and/or retaliatory conduct of Plaintiff's supervisor.

95. Defendants' actions constitute violations of the FMLA.

96. Defendants' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

97. Defendants' discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA covered leave.

98. Defendants' conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

99. As a result of Defendants' actions, Plaintiff has suffered damages for

which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

100. Defendants' violations of the FMLA were willful.

101. Plaintiff is entitled to recover her attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted on this 9th day of June, 2020.

        **s/ Gregory R. Schmitz**
        Gregory R. Schmitz
        Florida Bar No.: 94694
        Morgan & Morgan, P.A.
        20 N. Orange Ave., 15th Floor
        P.O. Box 4979

Orlando, FL 32802-4979
Direct Tel.:  (407) 418 2079
Facsimile:  (407) 536-9986
Email: gschmitz@forthepeople.com
*Attorney for Plaintiff*